IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL KEITH BATES                                          PETITIONER

VS.                                       CIVIL ACTION NO. 1:04cv808-DCB
                                          CRIMINAL NO. 1:02cr36-DCB

UNITED STATES OF AMERICA                                    RESPONDENT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1** in civil action 1:04cv808, and **docket entry 86** in criminal action 1:02cr36]. Having reviewed the Motion, the government's response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

## FACTUAL AND PROCEDURAL HISTORY

On January 22, 2003, the petitioner, Daniel Bates, was sentenced to 260 months incarceration after pleading guilty to Counts 1 and 4 of the indictment against him. Count 1 charged that Bates had conspired to manufacture an excess of 500 grams of methamphetamine. Count 4 alleged that the petitioner had possessed a firearm in connection with a drug trafficking offense. The guilty pleas were negotiated with the government and the terms of the agreement reached was memorialized by a Memorandum of Understanding ("MOU").

On October 29, 2004, well over a year after the petitioner's

sentencing, Bates filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. As his first alleged basis for relief, the petitioner claims that his attorney was ineffective because he failed to file a notice of appeal. Second, Bates claims that under Booker and Apprendi, the inclusion of his status as a career offender in his sentencing calculation violated his Sixth Amendment right to a trial by jury.

**DISCUSSION**

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking his conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[1] See 28 U.S.C. § 2255.

The United States Supreme Court has emphasized that a collateral challenge to a conviction or sentence should not serve

---

[1]   A prisoner in custody under sentence of court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

as a substitute for a direct appeal.  <u>United States v. Frady</u>, 456

U.S. 152, 165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231

(5th Cir. 1991).  "After conviction and exhaustion or waiver of any

right to appeal," this Court is "'entitled to presume that [the

defendant], stands fairly and finally convicted.'" <u>Shaid</u>, 937 F.2d

at 231–32 (quoting <u>Frady</u>, 456 U.S. at 164).

I.  Plea Agreement's Restriction on Seeking Post–Conviction Relief

        The government contends that the petitioner waived his right

to contest his sentence via a § 2255 motion.  <u>See</u> Government's

Response, at 2–4.  The MOU, signed by the petitioner on September

10, 2002, states, in part, as follows:

> The Defendant, knowing and understanding all
> the facts set out herein, including the
> maximum possible penalty that could be
> imposed, and including his right to appeal the
> sentence imposed . . . hereby expressly waives
> the right to appeal the conviction and/or
> sentence imposed in this case, or the manner
> in which that sentence was imposed, on the
> grounds set forth in Section 3742, or on any
> ground whatsoever, and expressly waives the
> right to contest the sentence of the manner in
> which the sentence was imposed in any post–
> conviction proceeding, including but not
> limited to a motion brought under Section
> 2255, Title 28, United States Code and any
> type of proceeding claiming double jeopardy or
> excessive penalty as a result of any
> forfeiture ordered or to be ordered in this
> case.

Memorandum of Understanding, ¶15.

        Under this agreement, Bates voluntarily waived his right to

challenge all nonjurisdictional defects on appeal or collateral

attack.  See United States v. Hoctel, 154 F.3d 506, 507 (5th Cir.

1998) ("As a general rule, a voluntary, unconditional guilty plea

waives all nonjurisdictional defects in the proceedings against the

defendant.").  Thus, it is clear that the petitioner waived any

right to challenge his sentence based on alleged Booker/Apprenhi

violations.[2]

     This waiver also includes "claims of ineffective assistance of

counsel except insofar as the ineffectiveness is alleged to have

rendered the guilty plea involuntary."  United States v. Glinsey,

209 F.3d 386, 392 (5th Cir. 2000).  See also United States v.

Wilkes, 20 F.3d 651, 653-54 (5th Cir. 1994) (rejecting petitioner's

ineffective  assistance  claim  because  he  waived  his  right  to

challenge his conviction through his plea agreement).

     In  this  case,  there  is  no  argument  that  the  alleged

ineffectiveness of Bates' counsel to pursue an appeal rendered his

guilty plea involuntary.  The petitioner contends that after he

entered his guilty plea and received his sentence, he requested

that his attorney pursue an appeal on his behalf.  See Memo. of Law

in  Support  of  Motion  to  Vacate,  at  2-3.   Thus,  the  alleged

---

     [2] Moreover, it is clear that United States v. Booker, 125 S.
Ct. 738 (2005), has no application on collateral review in this
case because Booker was decided after Bates' sentencing.  See Tyler
v. Cain, 533 U.S. 656, 663 (2001) ("[A] new rule is not made
retroactive to cases on collateral review.");  In re Elwood, 408
F.3d 211, 213 (5th Cir. 2005) ("[W]e join our sister circuits and
hold that Booker does not apply retroactively").  See also United
States v. McKinney, 406 F.3d 744, 747 (5th Cir. 2005) ("Blakely and
Booker do not alter the plain meaning of appeal-waiver provisions
in valid plea agreements.").

ineffectiveness occurred after the petitioner entered into his plea agreement with the government.  See United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) ("[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself.").   Therefore, both of the petitioner's claimed grounds for relief were effectively waived via the MOU and the current motion should be denied.

## II.  Alternatively, the Motion is Also Untimely

Under 28 U.S.C. § 2255, a petitioner is generally given only one year from the date on which his conviction becomes final to pursue post-conviction habeas relief, though under certain conditions, the starting date for the one-year period may be extended beyond the date of final judgment:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A conviction becomes "final" when the period for seeking appeal has expired.  See United States v. Cruz-Garcia, No. CRIM.A 03.302, 2005 WL 2060976, at *2-3 (E.D. La. Aug. 23, 2005) (noting that while the Fifth Circuit has not directly ruled as to when a conviction becomes "final" if unappealed, the district courts are generally in agreement that the conviction is final once the period for filing an appeal has run).  Federal Rule of Appellate Procedure 4(b)(1) describes when the ability to file a timely direct appeal expires: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of . . . the judgment."  Therefore, the clock on Bates' motion would have begun to run ten days, excluding Saturday, Sunday and legal holidays, after the entry of judgment by this Court on January 22, 2003.  To be timely then, Bates' § 2255 motion should have been filed by February 5, 2004.  Thus, the present motion, filed on October 29, 2004, is untimely and should be alternatively denied on that basis.

## CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is not well-taken and should be **DENIED**.  Accordingly,

IT IS HEREBY ORDERED that Petitioner Daniel Keith Bates' Motion to Vacate under 28 U.S.C. § 2255 [**docket entry 1**] in civil

action 1:04cv808 is **DISMISSED WITH PREJUDICE.**

SO ORDERED, this the 10th day of February, 2006.


                                          S/DAVID BRAMLETTE
                                          UNITED STATES DISTRICT JUDGE